IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01074-BNB

JOHN A. CLAICE,

      Plaintiff,

v.

COLO. DOC CSP,
CSP LT. VANGELDER, Unit Lt.,
CSP CO NERESON, Unit CO, and
CSP MAJOR C. HOLDITCH,

      Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

      Plaintiff, John A. Claice, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the San Carlos Correctional Facility in Pueblo, Colorado.  Mr. Claice initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution were violated while he was incarcerated at the Colorado State Penitentiary (CSP) in Cañon City, Colorado.  On May 13, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Claice to file an amended complaint that complies with the District of Colorado local rules and the pleading requirements of the Federal Rules of Civil Procedure.  With respect to the pleading requirements of the Federal Rules of Civil Procedure, Magistrate Judge Boland specifically noted that Mr. Claice failed to identify who he was suing with respect to each asserted claim, to allege clearly and concisely what each Defendant did that allegedly

violated his rights, and to allege specific facts in support of each asserted claim. Magistrate Judge Boland specifically advised Mr. Claice that, for each claim he asserts, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  On May 31, 2013, Mr. Claice filed an amended Prisoner Complaint (ECF No. 15).

The Court must construe the amended Prisoner Complaint liberally because Mr. Claice is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court must review Mr. Claice's claims in the amended Prisoner Complaint because he is a prisoner and he is seeking redress from officers or employees of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is required to dismiss the amended Prisoner Complaint, or any portion of the amended Prisoner Complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the amended Prisoner Complaint in

2

part as legally frivolous.

The Court notes initially that Mr. Claice lists in the caption of the amended Prisoner Complaint a Defendant identified as "COLO. DOC CSP" but it is not clear to whom or what entity he is referring.  In any event, Mr. Claice does not assert any claim against the Defendant identified as "COLO. DOC CSP."  Therefore, the Defendant identified as "COLO. DOC CSP" will be dismissed as a party to this action.

Mr. Claice asserts three numbered claims in the amended Prisoner Complaint. In claims one and two, which are repetitive, Mr. Claice alleges that Defendants Vangelder and Nereson failed to protect him from being assaulted by another inmate on May 23, 2011.  The Court will not address the merits of claims one and two at this time.

Mr. Claice describes his third claim as a "Retaliation, Due Process" claim.  (*See* ECF No. 15 at 7.)  He alleges in support of claim three that, after he had been assaulted by another inmate on May 23, 2011, prison officials retaliated against him when he complained about being housed with inmates with whom he had custody issues. According to Mr. Claice,

> When the Plaintiff pointed out their mistake of placing him into harms way again he was systematically punished, and had his OMI level reduced from a Level 6 to a Level 3, for several weeks, until a move could be made, when that move was to be made CSP officials again placed the Plaintiff in harms way by placing him in Unit D-6 from D-5.  When the Plaintiff notified Sergeant Russel – CSP Security of Inmate Trowbridge being housed in D-6 again the Plaintiff was systematically punished and had his OMI level reduced and he was punished by loss of privileges.

(ECF No. 15 at 7.)  Although not entirely clear, Mr. Claice apparently asserts claim three against Defendant Holditch because Defendant Holditch is the only named Defendant

mentioned within claim three.  With respect to Defendant Holditch, Mr. Claice alleges

that he was placed in dangerous housing situations "despite new polic[ie]s being put in

order and assurances by CSP Major C. Holditch, that the CSP OMI Program ha[d]

implemented changes to prevent these types of inciden[t]s from recurring."  (ECF No.

15 at 7.)

Claim three lacks merit because, although Defendant Holditch is mentioned

within the supporting factual allegations, Mr. Claice does not allege any specific facts

that implicate Defendant Holditch in the alleged retaliatory actions.  As noted above, Mr.

Claice specifically was advised that, for each claim he asserts in this action, he "must

explain what each defendant did to him or her; when the defendant did it; how the

defendant's action harmed him or her; and, what specific legal right the plaintiff believes

the defendant violated."  *Nasious*, 492 F.3d at 1163.  In the absence of specific facts

that link Defendant Holditch to any alleged retaliation, the Court finds that claim three is

legally frivolous and must be dismissed.

For the reasons discussed in this order, the Court will dismiss claim three as

legally frivolous.  The Court also will dismiss as parties to this action Defendants

Holditch and "COLO. DOC CSP."  Mr. Claice's remaining claims against the remaining

Defendants will be drawn to a district judge and to a magistrate judge as provided in

D.C.COLO.LCivR 8.2D because the Court has completed its review pursuant to

D.C.COLO.LCivR 8.2C.  Accordingly, it is

ORDERED that claim three in the amended Prisoner Complaint (ECF No. 15) is

dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).  It is

FURTHER ORDERED that Defendants "COLO. DOC CSP" and CSP Major C.

4

Holditch are dismissed as parties to this action.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a

magistrate judge.

DATED at Denver, Colorado, this  20th  day of  June , 2013.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court