IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01074-MSK-KLM

JOHN A. CLAICE,

    Plaintiff,

v.

VANGELDER, CSP Lt., Unit L7, and
NERESON, CSP. CO., Unit CO,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Reconsider Claim #3** [Docket No. 26; Filed August 29, 2013] (the "Motion"). In the Motion, Plaintiff seeks "to re-submit Claim # Three of this Civil Action, not only as a Retaliation Claim but also as a Due Process Claim and a Deliberate Indifference to the Plaintiff's Safety, Life and Liberty Claim." On June 20, 2013, Judge Boland dismissed Plaintiff's third claim, which had been described by Plaintiff as "Retaliation, Due Process." *Order* [#16] at 3-4.

    A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). It is well established in the Tenth Circuit that grounds for a motion to reconsider are typically limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing

*Brumark*, 57 F.3d at 948).  Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Id.*

Although Plaintiff seeks reconsideration of his third claim, he does not indicate that there has been an intervening change in the controlling law, that he has discovered new evidence previously unavailable, or that the Court must correct its previous ruling to correct clear error or prevent manifest injustice.  *See id.*  Accordingly, to the extent that Plaintiff seeks to reinstate his third claim, the Motion is **denied**.

Plaintiff also appears to seek leave to add claims in connection with the underlying events he originally identified as part of his third claim.  If Plaintiff, who proceeds in this matter *pro se*, is seeking leave to file an Amended Complaint, he must file a motion which complies with the federal and local rules, namely, Fed. R. Civ. P. 15, and which includes the proposed Amended Complaint as a document separate from the Motion. The Court will not permit piecemeal adjudication of Plaintiff's case; thus Plaintiff must include all claims he seeks to bring and all defendants he intends to name in the proposed Amended Complaint.  Furthermore, Plaintiff must use the form complaint prescribed by this Court.  D.C.COLO.LCivR 8.2A.  Accordingly, to the extent Plaintiff seeks leave to amend his Amended Complaint, the Motion is **denied without prejudice**.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#26] is **DENIED in part and DENIED without prejudice in part**.

IT IS FURTHER **ORDERED** that the Clerk of the Court is directed to mail a copy of

the *pro se* prisoner forms to Plaintiff at the address listed on the docket.

Dated: September 16, 2013

BY THE COURT:

*Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge