IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01074-MSK-KLM

JOHN A. CLAICE,

    Plaintiff,

v.

VANGELDER, CSP Lt., Unit L7, and
NERESON, CSP. CO., Unit CO,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss** [#28][1] (the "Motion"). Plaintiff, who is proceeding pro se,[2] filed a Response [#33] in opposition to the Motion. Defendants did not file a Reply. The Motion is thus ripe for review. Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c)(3), the Motion is referred to this Court for recommendation [#34]. Having reviewed the entire case file and being sufficiently advised, the Court **RECOMMENDS** that the Motion [#28] be **GRANTED**, as follows.

---

[1] "[#28]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). This convention is used throughout the Recommendation.

[2] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## I. Summary of the Case

The following allegations of the Amended Complaint [#15] are accepted as true for the purpose of determining the merits of the Motion.[3] *See Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011) (stating that the allegations drawn from the complaint must be taken as true when considering the merits of a motion to dismiss).  Plaintiff is presently an inmate at Sterling Correctional Facility, although the events underlying his claims occurred while he was incarcerated at Colorado State Penitentiary ("CSP"). *Am. Compl.* [#15] at 3. Plaintiff states that he was in the administrative segregation unit of CSP for eight consecutive years. *Id.* During that time he regularly attended a therapy group to help him advance his way out of administrative segregation. *Id.* However, while in group therapy, he "developed custody issues" with four other inmates, including one named Mr. McKinney and one named Mr. Anderson. *Id.*

On February 25, 2011, Plaintiff filed a grievance notifying Defendant Vangelder, a lieutenant at CSP, of continuous banging from inmates in neighboring cell units, including, it appears, some or all of the inmates with whom Plaintiff had developed custody issues while in group therapy. *Id.* at 6.  Defendant Vangelder responded that the grievance was a duplicate, and he therefore denied it on procedural grounds. *Id.*  Plaintiff asserts that this demonstrates Defendant Vangelder knew that Plaintiff was being harassed but did nothing to stop it. *Id.*

On February 27, 2011, Plaintiff filed another grievance "on the complicity by unit staff

---

[3] On June 20, 2013, Judge Babcock dismissed Claim Three and Defendants Holditch and "COLO. DOC CSP" from this matter. *Order* [#16]. The Court focuses the following summary on Plaintiff's allegations concerning Claim One, Claim Two, and the remaining Defendants.

with the ongoing harassment by the inmates and how nothing was being done to rectify the situation." *Id.* Defendant Vangelder responded to the grievance by stating that the four "problem inmates" were moved to other living units, and therefore the problem was resolved. *Id.* at 4, 6. Plaintiff states that, in reality, the inmates were not moved and remained housed in the same living unit. *Id.* at 6.

On March 11, 2011, Plaintiff was walking without an escort to the dayhall/shower area when he was "sprayed with watered down feces" by Mr. McKinney as he walked by Mr. McKinney's cell. *Id.* at 6, 29. Plaintiff states that nothing was done by staff in response to this incident, despite the filing of a grievance. *Id.* at 6.

On May 23, 2011, Defendant Nereson, a correctional officer at CSP, allowed Mr. Anderson to exit his cell and allowed him to stand near the door of Plaintiff's cell. *Id.* Defendant Nereson then opened Plaintiff's cell door "without warning" and allowed Mr. Anderson to enter Plaintiff's cell. *Id.* Mr. Anderson proceeded to assault Plaintiff, causing him serious bodily harm. *Id.* As a result of the attack, Plaintiff suffered chips to his front teeth and "hundreds of micro fractures" on his teeth.[4] *Id.* at 5. Plaintiff also suffered two black eyes, a fat lip, a cut over his eye that required stitches to close, and "a right hand that had been stamped on." *Id.* at 5, 29. After the assault, Plaintiff was moved to a different housing unit for a time. *Id.* at 30.

Both Claim One and Claim Two raise substantially the same failure to protect issue. Plaintiff titles Claim One as "Failure to Act, Failure to Protect, Due Process." *Id.* at 4.

---

[4] Plaintiff states that later some of the chips were filled and some were ground down, but that the Colorado Department of Corrections does not offer the caps or porcelain veneers that Plaintiff needs. *Am. Compl.* [#15] at 29.

-3-

Plaintiff titles Claim Two as "Negligence, Wilful/Wanton Conduct, Retaliation, Due Process." *Id.* at 5. Plaintiff does not state under which constitutional amendment he brings these claims. Defendants characterize both claims as falling under the Eighth Amendment and also as asserting state law claims for negligence. *See Motion* [#28]. Plaintiff in his Response [#33] does not contest this characterization of his claims. The Court therefore proceeds in the Analysis below to examine Plaintiff's claims only pursuant to the Eighth Amendment and as state law claims for negligence.

Plaintiff seeks relief in the form of $250,000 in compensatory damages, $250,000 in nominal damages, $950,000 in punitive damages, $250,000 for emotional and mental damages, and attorneys' fees and court costs, as well as injunctive relief in the form of an order requiring the transfer of Plaintiff to an out-of-state prison facility for the remainder of his sentence. *Am. Compl.* [#15] at 9.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible

on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n][]that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a).  *Iqbal*, 552 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

### III.  Analysis

At the outset, the Court notes that Plaintiff in his Response also asks to amend the Amended Complaint to allow him to sue Defendants in both their individual and official capacities.  *Response* [#33] at 1.  Under Local Rule 7.1C., "A motion shall not be included in a response or reply to the original motion.  A motion shall be made in a separate paper."

Therefore, to the extent that Plaintiff seeks relief as part of his Response, the Court will not consider it here. However, the Court notes that the Amended Complaint may already reasonably be read to assert claims against Defendants in both their official and individual capacities, and that Defendants already address both capacities in the Motion [#28]. The Court therefore finds that the Amended Complaint asserts claims against Defendants in both their official and individual capacities and will address both in the analysis of Plaintiffs' claims below.[5]

**A.     Eleventh Amendment**

Defendants first argue that they are entitled to Eleventh Amendment immunity on Plaintiffs' claims seeking monetary damages against them in their official capacities. *Motion* [#28] at 2-3. "Suits against state officials in their official capacit[ies] should be treated as suits against the state." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *see also Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) (stating that state officers sued in their official capacity are not "persons" subject to suit under 42 U.S.C. § 1983). Thus, pursuant to the Eleventh Amendment, the Court lacks subject matter jurisdiction to adjudicate an action brought by a citizen of a state against the state itself, its agencies, or its officials in their official capacities. *See Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995). Specifically, Eleventh Amendment immunity bars claims against individuals sued in their official capacities "for money damages and relief for prior acts." *See Hunt v. Colo. Dep't of Corr.*, 271 F. App'x 778, 781 (10th Cir.

---

[5] Plaintiff also purports to seek appointment of counsel in his Response. Although the Court will not address this request here pursuant to Local Rule 7.1C., the Court notes that this is duplicate request and will be addressed in connection with the Motion for Court Appointed Counsel [#37].

2008).

Accordingly, the Court **recommends** that Plaintiff's claims seeking monetary relief against Defendants in their official capacities be **dismissed without prejudice** for lack of subject matter jurisdiction. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice." (citations omitted)).

### B.    Statute of Limitations

Defendants argue in part that Plaintiffs' claims are barred by the statute of limitations. *Motion* [#28] at 2 n.1. Although the statute of limitations is an affirmative defense, the issue may be resolved on a motion to dismiss where the application of the limitations period is apparent on the face of the complaint. *Dummar v. Lummis*, 543 F.3d 614, 619 (10th Cir. 2008).

Actions brought pursuant to 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. *Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994). In Colorado, the limitation on a personal injury claim brought pursuant to § 1983 is two years. *See* Colo. Rev. Stat. § 13–80–102(g) (creating a two-year limitation period for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "[a]ll other actions of every kind for which no other period of limitation is provided"); *see Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (applying Colo. Rev. Stat. § 13–80–102 to a section 1983 claim). However, federal law rather than state law determines when a cause of action accrues. *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir.

1994). Federal law provides that "[t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Id.* at 969. That is, "[a] civil rights action accrues when facts that would support a cause of action are or should be apparent." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (citations omitted).

This case was filed with the Court on April 22, 2013. *See Compl.* [#1]. Thus, all § 1983 causes of action in this matter must have accrued no earlier than April 22, 2011. In the Amended Complaint [#15], Plaintiff discusses multiple events that occurred prior to April 22, 2011, primarily in February and March 2011. *See, e.g.*, Am. Compl. [#15] at 6. However, because these events occurred prior to April 22, 2011, the statute of limitations bars them in connection with Plaintiff's § 1983 causes of action. Accordingly, the Court **recommends** that any portions of Plaintiff's § 1983 causes of action based on these events be **dismissed with prejudice** on the basis of the statute of limitations. *Gee v. Pacheco*, 627 F.3d 1178, 1181 (2010).

**C.    Qualified Immunity**

Defendants argue that, to the extent Plaintiff seeks to hold them individually liable for monetary damages, they are entitled to qualified immunity. *Motion* [#28] at 3-11; *Butler v. Rio Rancho Pub. Sch. Bd. of Educ.*, 341 F.3d 1197, 1200 (10th Cir. 2003) ("Since the [defendant] raised the defense of qualified immunity in its motion to dismiss, we first examine whether the [plaintiffs] asserted a violation of federal law in their complaint.").

"The doctrine of qualified immunity shields government officials performing discretionary functions from liability for damages 'insofar as their conduct does not violate

clearly established constitutional rights of which a reasonable person would have known.'" *Boles v. Neet*, 486 F.3d 1177, 1180 (10th Cir. 2007) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  When the defense of qualified immunity is raised, the Court must consider whether Plaintiff's factual allegations demonstrate that each Defendant violated a constitutional right and, secondly, whether that constitutional right was clearly established at the time of the alleged violation.  *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001).  "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.*  However, "if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id.*  In *Pearson v. Callahan*, 555 U.S. 223 (2009), the Supreme Court held that a court may review these factors in any order, using its discretion to determine which of the factors to review first in light of the circumstances of the case.  *Id.* at 236.

The Eighth Amendment to the United States Constitution provides that "cruel and unusual punishments" shall not be inflicted.  U.S. Const. amend. VIII.  Punishments which "involve the unnecessary and wanton infliction of pain" violate this provision.  *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).  The Eighth Amendment requires that "prison officials . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and [that they] 'take reasonable measures to guarantee the safety of the inmates.'"  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted).  However, "[t]he Eighth Amendment 'does not mandate comfortable prisons,' and conditions imposed may be 'restrictive and even harsh.'"  *Barney v. Pulsipher*, 143 F.3d 1299, 1311 (10th Cir. 1998) (citation omitted). Thus, while prison officials must take reasonable measures in securing a safe and humane

environment for prisoners, the Court should take into account the circumstances of the challenged conduct. *Id.* at 974; *see also Hudson v. McMillan*, 503 U.S. 1, 5-6 (1992) (holding that a court should give wide-ranging deference to prison staff).

Inmates must be provided with a minimum degree of safety by prison officials. *Benefield v. McDowall*, 241 F.3d 1267, 1272 (10th Cir. 2001). In part, this means that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833; *see Wilson v. Seiter*, 501 U.S. 294, 303 (1991) (describing the level of protection an inmate is afforded from other inmates as an Eighth Amendment "condition of confinement"). "Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer*, 511 U.S. at 833 (internal citations, quotation marks, and alterations omitted).

The Court's Eighth Amendment analysis of Plaintiff's allegations involves both an objective and a subjective component. *Wilson*, 501 U.S. at 298. As to the objective component, the Court considers whether Plaintiff was deprived of a sufficiently serious basic human need, i.e., an extreme deprivation. *Hudson*, 503 U.S. at 9. The subjective component requires a showing of "obduracy and wantonness." *Whitely v. Albers*, 475 U.S. 312, 319 (1986). The Court here considers whether each Defendant intended the harm or acted with deliberate indifference to the harm that could result. *Farmer*, 511 U.S. at 837. Deliberate indifference can only be proven by showing that each Defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety." *Id.* The Tenth Circuit Court of Appeals has held that a prison inmate may state a violation of the Eighth Amendment

by alleging that a prison official intended to cause him serious harm and incited other inmates to do violence against him. *Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992).

Based on the foregoing, the Court begins by assuming, without so finding, that Plaintiff has met the objective component of the test based on Plaintiff's contention that he was deprived of a serious basic human need, i.e., his safety from brutal assault by a fellow inmate resulting in such injuries as chips to his front teeth, "hundreds of micro fractures" on this teeth, two black eyes, a fat lip, a cut over his eye that required stitches to close, and "a right hand that had been stamped on." *Am. Compl.* [#15] at 5, 29; *see Farmer*, 511 U.S. at 833 ("[G]ratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective any more than it squares with evolving standards of decency." (internal citations, quotation marks, and alterations omitted)), 834 ("Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." (internal quotation marks omitted)).  However, as outlined in the following discussion, the Court finds that Plaintiff fails to meet the subjective component with respect to either Defendant Vangelder or Defendant Nereson.

The Court begins with the allegations against Defendant Nereson to determine whether they suggest that he intended any harm, or was deliberately indifferent to the threat of harm, against Plaintiff, as required by the subjective component. *See Farmer*, 511 U.S. at 837. Plaintiff alleges that Mr. Anderson obtained a custody level permitting him to wander unrestrained and unescorted in the common areas of the facility at the time of the alleged assault. Plaintiff alleges that Mr. Anderson was outside of Plaintiff's door when Defendant Nereson opened the door without warning to Plaintiff. Mr. Anderson then

entered Plaintiff's cell to assault him. However, Plaintiff makes no allegations that Defendant Nereson was aware of Plaintiff's grievances to Defendant Vangelder or Plaintiff's voiced concerns to other prison officials. Plaintiff makes no allegations that Defendant Nereson was aware of Mr. Anderson's desire to harm Plaintiff or that Defendant Nereson opened the cell in order to allow Mr. Anderson into the cell in order to harm Plaintiff. While Plaintiff alleges that Defendant Nereson failed to follow proper protocol before opening the cell door, this alone cannot demonstrate the "obduracy and wantonness" required by the subjective component of an Eighth Amendment claim. *See Whitely*, 475 U.S. at 319; *see also Sampley*, 704 F.2d at 496 (noting that an intentional tort does not necessarily amount to a constitutional violation). In short, there are no allegations that Defendant Nereson intended Plaintiff's harm or was deliberately indifferent to its occurrence. The Court therefore finds that Plaintiff fails to sufficiently allege the subjective component of an Eighth Amendment claim against Defendant Nereson.[6]

The Eighth Amendment claim against Defendant Vangelder appears to be solely based on his alleged failure to protect Plaintiff despite Plaintiff having informed him on several occasions through the grievance process that he was having issues with several other inmates. As with Defendant Nereson, however, the problem is that Plaintiff fails to present allegations that Defendant Vangelder intended any harm, or was deliberately

---

[6] Although Plaintiff attaches a number of grievance forms and other documents to his Amended Complaint, the Court does not utilize any of the allegations located in those documents to supplement the allegations in the Amended Complaint as part of its analysis of the merits of Plaintiff's claims. However, the Court has examined the allegations in these documents to determine whether permitting Plaintiff to amend his Amended Complaint with anything from them would allow his claim against Defendant Nereson to survive. The Court finds that any such amendment would be futile.

indifferent to the threat of harm, against Plaintiff, as required by the subjective component of an Eighth Amendment claim. *See Farmer*, 511 U.S. at 837. Plaintiff asserts that he told Defendant Vangelder of his "custody issues" with certain inmates, that Defendant Vangelder "neglected to make sure that the problem inmates . . . were in fact moved" to other units, that Plaintiff complained to Defendant Vangelder about "ongoing harassment" and about "continuous banging from his neighbors." *Am. Compl.* [#15] at 3-6. Allegations of impending physical harm that are the result of mere idle threats are insufficient to state an Eighth Amendment claim. *Northington*, 973 F.2d at 1524. However, an imminent threat of serious harm will suffice even if the injury never actually occurs. *Id.* Here, Plaintiff makes no allegation that he informed Defendant Vangelder of intended physical harm by other inmates or of anything that could be interpreted as other than a "mere idle threat" and certainly not anything that rose to the level of "imminent threat of serious harm." *See id.* Without allegations such as, for example, that Plaintiff informed Defendant Vangelder of an "imminent threat of serious harm," the Court cannot find that Plaintiff has sufficiently alleged that Defendant Vangelder failed to protect Plaintiff in a way that meets the "obduracy and wantonness" standard of the subjective component of an Eighth Amendment claim. *See Whitely*, 475 U.S. at 319. Defendant Vangelder's alleged actions and inactions were simply not so repugnant to the conscience of mankind so as to rise to the level of a constitutional violation. *See Hudson*, 503 U.S. at 9-10. The Court therefore finds that Plaintiff fails to sufficiently allege the subjective component of an Eighth Amendment claim against Defendant Vangelder.[7]

---

[7] As with Defendant Nereson, the Court finds that it would be futile to permit Plaintiff to amend his Amended Complaint with any allegations regarding Defendant Vangelder located in the

Accordingly, the Court finds that Plaintiff has failed to allege an Eighth Amendment violation against either Defendant Nereson or Defendant Vangelder. They are therefore entitled to qualified immunity, and the Court need not address the second element of the qualified immunity analysis for either Defendant. The Court thus **recommends** that Plaintiff's claims seeking monetary damages for violation of the Eighth Amendment by Defendants Nereson and Vangelder in their individual capacities be **dismissed with prejudice**. *See Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990).

### D.     Injunctive Relief

The Court next addresses Plaintiff's claims for prospective injunctive relief against Defendants in both their official and individual capacities. Because the Court has found that Plaintiff failed to state an Eighth Amendment claim against Defendants, the Court must necessarily recommend that any claim asserted against them requesting injunctive relief should be dismissed as well for failure to state an Eighth Amendment claim. Accordingly, the Court **recommends** that Plaintiff's claims for injunctive relief for violations of the Eighth Amendment by Defendants in their official and individual capacities be **dismissed with prejudice**. *See Reynoldson*, 907 F.2d at 127.

### E.     State Law Claims

As previously noted, Defendants interpret Plaintiff's Amended Complaint to also assert negligence claims as parts of Claim One and Claim Two. *See Motion* [#28] at 9 n.4. Although this interpretation is not entirely clear, especially as to Claim One, the Court addresses these claims to the extent that Plaintiff may have been attempting to assert that

---

documents attached to the Amended Complaint.

Defendants were negligent. Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." *See also Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1236 (10th Cir. 1998) (stating that once "the bases for federal subject matter jurisdiction have been extinguished . . . the district court may decline to exercise continuing pendant or supplemental jurisdiction over plaintiff's state claims"). Here, subject matter jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See Am. Compl.* [#15] at 3. Based on the allegations in the Amended Complaint, there is no alternative diversity jurisdiction because all parties appear to be citizens of the State of Colorado. *See id.* at 2. Thus, having recommended dismissal of Plaintiff's federal claims, the Court further **recommends** that the District Judge decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and that they be **dismissed without prejudice**. *Brooks v. Gaenzle*, 614 F.3d 1213, 1229-1230 (10th Cir. 2007).

### IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion [#28] be **GRANTED** and that Plaintiff's Amended Complaint [#15] be **DISMISSED without prejudice in part and with prejudice in part**, as outlined above.


IT IS HEREBY **ORDERED** that, pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: February 28, 2014

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge