IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01074-MSK-KLM

JOHN A. CLAICE,

    Plaintiff,

v.

VANGELDER, CSP Lt., Unit L7, and
NERESON, CSP. CO., Unit CO,

    Defendants.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion for Court Appointed Counsel and Motions for Protection** [#37] and on Plaintiff's **Motion for Colo. DOC to Produce Records at No Cost to the Plaintiff, Records Concerning or That Were a Direct Results [sic] of the Assault by Inmate Mike Anderson and Motion for Appointed Counsel** [#43]. In the first Motion [#37], Plaintiff seeks court-appointed counsel as well as a preliminary injunction order. In the second Motion [#43], Plaintiff again seeks court-appointed counsel as well as the production of documents from Defendants. Defendants have not filed a Response to any portion of either Motion.

    Both Motions request that the Court appoint counsel to represent Plaintiff. The Court does not have the power to appoint an attorney without his or her consent, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a

civil case. Nevertheless, the Court can seek volunteer counsel to represent a plaintiff if the Court determines in its discretion that is appropriate to do so. The Clerk of the Court maintains a list of pro se cases for which the Court is seeking volunteer counsel. Placement on this list does not mean that a plaintiff will automatically receive counsel. Rather, placement on the list results in representation being secured for the plaintiff only if an attorney <u>volunteers</u> to represent him. Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained. In such circumstances, despite placement of his case on the list, a *pro se* plaintiff remains responsible for litigating his case himself.

In accordance with part III.C. of the United States District Court's Pilot Program to Implement a Civil Pro Bono Panel, the Court will only seek volunteer counsel for a *pro se* plaintiff if consideration of the following factors so warrants: (1) the nature and complexity of the action; (2) the potential merit of the pro se party's claims; (3) the demonstrated inability of the *pro se* party to retain counsel by other means; and (4) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel. *See also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)) (identifying the following factors for consideration by the Court in determining whether volunteer counsel should be appointed: (1) the merits of the plaintiff's claims; (2) the nature of the factual issues raised in the claims; (3) the plaintiff's ability to present his claims himself; and (4) the complexity of the legal issues raised). As part of the fourth factor, the Court also considers whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the pro se

plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated his ability to frame facts and state claims for relief. *See Am. Compl.* [#6]. The legal issues presented are not overly complex, novel, or particularly difficult to state or analyze. *See id.* Further, the Court has determined in the pending Recommendation [#45] that Plaintiff's claims lack merit. The fact that Plaintiff's financial situation and incarcerated status have made it difficult for him to obtain representation does not, by itself, warrant the need for volunteer counsel. Although mindful of the difficulties faced by pro se parties, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel. *See, e.g.*, *Mallard*, 490 U.S. at 301 (1989) ("Congress did not intend § 1915[(e] to license compulsory appointments of counsel . . . ."); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant). Although there are extraordinary circumstances where fundamental due process concerns may demand that a plaintiff be provided with counsel, this Plaintiff's particular circumstances do not. Plaintiff chose to bring this civil action voluntarily knowing the limitations he would face due to his financial means, lack of legal training, and incarcerated status. To the extent that Plaintiff feels that he cannot bear the responsibility at this time, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a). However, while the case is pending, it remains Plaintiff's legal obligation to comply with the Federal Rules of Civil Procedure, the Local Rules in this District, and all orders of this Court. *See Green v.*

*Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  Accordingly, based on the foregoing and the entire record in this case,

IT IS HEREBY **ORDERED** that Plaintiff's Motions [#37, #43] are **DENIED** to the extent they seek appointment of counsel.

Plaintiff further seeks a preliminary injunction, *see* [#43] at 3-4, and production of documents, *see* [#43] at 1-2.  Because the Court has issued a Recommendation [#45] that Plaintiff's case be dismissed,

IT IS FURTHER **ORDERED** that Plaintiff's Motions [#37, #43] are **DENIED as moot** to the extent they seek a preliminary injunction and production of documents.

DATED: February 28, 2014 at Denver, Colorado

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge